IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL LEVY,** *Plaintiff,* v. **HFACTOR, INC.,** *Defendant.* | **CIVIL ACTION** **NO. 24-4160** |

**Baylson, J.**                                                                                                           **October 25, 2024**

### MEMORANDUM RE: MOTION TO DISMISS

Plaintiff Gail Levy ("Levy"), a Pennsylvania resident, invented a method for infusing hydrogen into water and founded Defendant HFactor, Inc. ("HFactor"), a Georgia company, to market and sell the water product. Compl. ¶¶ 1, 7–8, 10, ECF 1. After Levy transferred ownership of HFactor and signed an employment agreement ("Agreement") in July 2022, HFactor failed to pay Levy as required by the Agreement. Levy filed this lawsuit for breach of contract and unpaid wages. HFactor now moves to dismiss under Fed. R. Civ. P. 12(b)(2) and Fed R. Civ. P. 12(b)(3), arguing lack of personal jurisdiction and improper venue. ECF 6.

### I.    FACTUAL ALLEGATIONS

Levy invented hydrogen-infused water technology and founded HFactor, a Georgia company. Compl. ¶¶ 1, 10, ECF 1. Levy served as Chief Executive Officer (CEO). Id. ¶ 10.

### A.    Ownership Transfer and Levy's Employment Agreement

In Spring 2022, Jason Boyd convinced Levy to sell him HFactor, promising mutual benefits and market expansion. Id. ¶ 11. In July 2022, Levy agreed, stepped down as HFactor's CEO to become its President, and signed an employment agreement ("Agreement"). Id. ¶¶ 12–14. The Agreement is governed by Georgia law and runs from July 15, 2022, to July 15, 2024, with

automatic one-year renewals absent cancellation by either party.[1]  Id.  The Agreement sets an annual salary of $120,000, paid at least monthly.  Id. ¶¶ 16–17; ECF 1-1, art. II § 2.1.  Under the Agreement, Levy can only be terminated for cause (as defined by the Agreement) with written notice and a cure period.  Compl. ¶ 18, ECF 1; ECF 1-1, art. IV.

### B. Payment Dispute

Levy has not breached the Agreement nor taken an action which would warrant termination for cause.  Compl. ¶ 28, ECF 1.  But HFactor has failed to pay Levy for approximately eighteen months and has accumulated a debt of over $185,000.00 in unpaid wages and health insurance benefits owed to her (the "Debt").  Id. ¶¶ 20–22.

On July 18, 2024, Levy demanded payment of the Debt.  Id. ¶ 23.  On July 19, 2024, HFactor refused to pay the Debt and offered to pay Levy a lesser amount in exchange for her signature on a release of any obligation to further pay her.  Id. ¶ 24.  HFactor also revoked Levy's access to her HFactor e-mail account—which Levy still does not have access to—and thus Levy cannot operate as an HFactor employee.  Id. ¶¶ 25, 26.  HFactor constructively terminated Levy's employment by revoking her access to her HFactor email account and failing to honor the Agreement.  Id. ¶ 27.

On August 5, 2024, HFactor again offered Levy a portion of the Debt contingent on her immediate resignation and termination of the Agreement.  Id. ¶ 30.  Levy declined.  Id. ¶ 31.

### II. PROCEDURAL HISTORY

On August 13, 2024, Levy filed this case against HFactor.  Compl., ECF 1.  On September 11, 2024, HFactor filed a motion to dismiss the Complaint for lack of personal jurisdiction under

---

[1] On July 15, 2024, the Agreement renewed for one year.  Compl. ¶ 15, ECF 1.

Fed. R. Civ. P. 12(b)(2) or alternatively to transfer venue under Fed. R. Civ. P. 12(b)(3). ECF 6. On October 9, 2024, Levy filed a memorandum in opposition to HFactor's motion to dismiss. ECF 9. On October 24, 2024, HFactor filed its reply memorandum. ECF 12. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332.

### III.  STANDARD OF REVIEW

When a defendant files a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id. However, "once the motion is made, plaintiff must respond with actual proofs, not mere allegations." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 57, 67 n.9 (3d Cir. 1984).

### IV.  PARTIES' CONTENTIONS

HFactor argues that this Court lacks personal jurisdiction over it because Levy does not allege a cause of action that arises from or relates to activities in Pennsylvania. ECF 6 at 7–9. HFactor states that any alleged non-payment was committed by HFactor in Georgia and that Levy's official corporate duties were carried out in Georgia since she is the President of a Georgia corporation. Id. at 9. Nor, HFactor argues, did Levy allege that HFactor committed acts in Pennsylvania which would give rise to Levy's cause of action. Id. HFactor also argues that fair play and substantial justice would be offended because HFactor, a Georgia corporation, entered an Agreement governed by Georgia law for Levy to oversee the Georgia business operations and thus it could not foresee being haled into court in Pennsylvania. Id. at 11.

3

In response, Levy argues that this Court has jurisdiction over HFactor because there were sufficient contacts between HFactor and Pennsylvania through Levy, who made executive decisions for HFactor from Pennsylvania. ECF 9 at 5–7. Levy argues that HFactor maintained contacts with Pennsylvania through Ms. Levy, who acted with HFactor's authority in business dealings conducting from Pennsylvania. Id. Levy also alleges that HFactor's non-payment of wages is based on the Agreement, which was executed with a Pennsylvania resident for activities conducted in Pennsylvania. Id. at 7. Additionally, Levy asserts that Levy's injuries occurred in Pennsylvania and thus this Court has a strong interest in the case. Id. at 8.

Neither party has requested jurisdictional discovery or that an evidentiary hearing be held on the dispute issued of personal jurisdiction.

V.     **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

A. **Legal Standard**

A federal district court can exercise personal jurisdiction over a non-resident to the extent permitted by the law of the state in which it sits. Time Share Vacation Club, 735 F.2d at 63 (citing Fed. R. Civ. P. 4(e)). Pennsylvania's long-arm statute extends jurisdiction to its constitutional limits, 42 Pa. C.S. § 5322(b), requiring "certain minimum contacts" with the forum such that the exercise of jurisdiction does "not offend traditional notions of fair play and substantial justice." Marten v. Finchuam, 499 F.3d 290, 296 (3d Cir. 2007) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). These minimum contacts must be based on acts by which the defendant purposefully avails itself of the privilege of conducting activities within the forum. Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 150 (3d Cir. 1996) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

To establish specific personal jurisdiction, the plaintiff must demonstrate three elements. First, the defendant must have minimum contacts with the forum such that they could "reasonably

4

anticipate being haled into court" there.  Int'l Shoe, 326 U.S. at 316; World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  While a contract with a forum resident alone is insufficient, Walsh v. Alarm Sec. Grp., Inc., 157 F. Supp. 2d 501, 506 (E.D. Pa. 2001) (citing Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)), minimum contacts may be established "by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties," Farino, 960 F.2d at 1223 (citing Burger King, 471 U.S. at 479).  Second, the claims must arise out of or relate to defendant's contacts with the forum.  Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 (3d Cir. 1998).  Third, the exercise of jurisdiction must comport with fair play and substantial justice.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe, 326 U.S. at 316).

### B. Minimum Contacts

The Court analyzes specific jurisdiction by examining contacts related to the negotiation, execution, and performance of Levy's Agreement with HFactor.  See Mellon Bank, 960 F.2d at 1224.  The contractual relationship must demonstrate that HFactor "purposefully avail[ed itself] of the privilege of conducting activities within" Pennsylvania.  Hanson, 357 U.S. at 253.  "[P]arties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities."  Burger King Corp., 471 U.S. at 473, 105 S.Ct. 2174.

Levy's jurisdictional argument centers on her status as a Pennsylvania resident who worked for HFactor from Pennsylvania. ECF 9 at 1, 2.  While generally, a plaintiff's contacts with the forum do not constitute contacts by the defendant, Walden v. Fiore, 571 U.S. 277, 284–89 (2014), Levy's position as President of HFactor could potentially transform her Pennsylvania activities into corporate contacts since she exercised authority on HFactor's behalf from Pennsylvania.

Simon v. First Sav. Bank of Ind., 692 F. Supp. 3d 479, 484 (E.D. Pa. 2023) (Bartle, J.). But the Court declines, based on the pleadings, to find that Levy's contacts as a corporate officer constitute HFactor's contacts with Pennsylvania for two reasons. First, though Levy attempts to depend on Simon to impute her corporate contacts to HFactor, Levy's pleadings, ECF 1, unlike those in Simon, do not allege specific facts regarding how the defendant purposefully availed itself of Pennsylvania law. Amended Complaint at ¶¶ 7–10, Simon v. First Sav. Bank of Ind., No. 23-721 (E.D.P.A. May 1, 2023), ECF No. 13. Second, Levy has provided no evidence or sworn affidavit to support her allegations of jurisdiction, failing to meet her burden to "respond [to HFactor's motion] with actual proofs, not mere allegations." Time Share Vacation Club, 735 F.2d at 67 n.9; cf. Exhibit 2 at 3–5, Simon v. First Sav. Bank of Ind., No. 23-721 (E.D.P.A. May 1, 2023), ECF No. 20-2 (attaching affidavit to plaintiff's opposition to Motion to Dismiss detailing the extent of plaintiff's work in Pennsylvania as a corporate officer, which was found to be sufficient to establish specific personal jurisdiction in Simon, 692 F. Supp. 3d at 484).

### VI.  CONCLUSION

For the foregoing reasons, Defendant HFactor's Motion to Dismiss is **GRANTED without prejudice, and with leave for Plaintiff to amend her Complaint.** Should Levy wish to file an Amended Complaint, she shall do so within **twenty-one (21) days** of this memorandum. An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-4160 Levy v HFactor\24-4160 Memo re Motion to Dismiss.docx