IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL LEVY,<br>*Plaintiff,*<br><br>v.<br><br>HFACTOR, INC., JASON BOYD, ADAM LINDER, DAWN CAMES, CHI HUA LEE, & HEFF TURNER.<br>*Defendants.* | CIVIL ACTION<br>NO. 24-4160 |
| HFACTOR, INC.,<br>*Counter Claimant,*<br><br>v.<br><br>GAIL LEVY,<br>*Counter Defendant.* | |

**MEMORANDUM RE: MOTION TO DIMISSS (ECF 79)**

**Baylson, J.**                                                                                                  **December 22, 2025**

### I.   BACKGROUND

This case involves HFactor, Inc.'s ("HFactor") alleged failure to pay Gail Levy ("Plaintiff" or "Levy"), over $200,000 in wages and benefits, and an alleged breach of fiduciary duties by former officers of HFactor. Second Am. Compl. ("SAC"), ECF 45. The SAC names HFactor, Jason Boyd, Adam Linder, Dawn Cames, Chi Hua Lee, and Jeff Turner (collectively, "Defendants") as defendants. SAC. Boyd, Linder, Cames, and Lee (collectively, "Moving Defendants") have filed a Motion to Dismiss ("Motion," ECF 79) the claims against them based on various grounds. Levy brings five claims relevant to the instant Motion to Dismiss inquiry. Plaintiff alleges violation of the Pennsylvania WPCL against all defendants (Count I), tortious interference against Boyd and Linder (Count III), breach of fiduciary duty against Cames (Count

1

IV), aiding and abetting breach of fiduciary duty against Boyd, Linder, and Lee (Count V), and conspiracy against all defendants (Count VI). SAC ¶¶ 99–125.

Plaintiff alleges as follows. Plaintiff is the founder of HFactor, Inc., which sells hydrogen-infused water. SAC ¶ 1. In 2022, Defendant Jason Boyd sought to invest in a substantial ownership stake of HFactor. SAC ¶ 2. At some point following this initial inquiry, Plaintiff sold Boyd a portion of the company, reducing her ownership stake in exchange for the promise that she would retain an executive-level position. SAC ¶ 4–5. Plaintiff and HFactor executed an employment agreement, hiring Plaintiff as president of the company. SAC ¶ 5. Boyd installed Defendant Dawn Cames as the controlling shareholder and Chair of the Board of Directors. SAC ¶ 4. Defendant Adam Linder, who, like Boyd, never held a position as an employee or board member of HFactor, connected Boyd and Cames. SAC ¶¶ 3–4, 7. Boyd unofficially brought Linder in "to oversee management of [] HFactor" and "with Boyd's support and backing, Linder effectively took control of all high-level decision making[.]" SAC ¶ 7.

Boyd and Linder made Cames the interim Chief Financial Officer at some point, in addition to her being installed as the Chair of the Board of Directors and controlling shareholder. SAC ¶ 8. Boyd and Linder appointed "another friend" as Chief Operating Officer by selecting Defendant Chi Hua Lee. SAC ¶ 9. Lee clashed with Plaintiff and attempted to seize control of many day-to-day operations. SAC ¶ 11. Plaintiff was not paid her salary and did not receive benefits for eighteen months. SAC ¶ 14. In response to her demand for payment, HFactor's controller, Crystal Bai, told Plaintiff that Linder had ordered HFactor to withhold further payment of her salary. SAC ¶ 13. After Plaintiff initiated the lawsuit on August 13, 2024, Linder directed the controlling voting shares to be sold to Defendant Jeff Turner, HFactor's securities counsel, who took control of the company as CEO and Director of the Board. SAC ¶ 17–19.

## II.  LEGAL STANDARD

  a. Rule 12(b)(2)

A federal court sitting in Pennsylvania has jurisdiction over the parties to the extent provided under Pennsylvania state law. Miller Yacht Sales, Inc. v. Smith, 384 F. 3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e)). Pennsylvania law permits a court to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States," and that exercise of personal jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b); see Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F. 3d 124, 129 (3d Cir. 2020); Miranda v. C.H. Robinson Co., No. 18-553, 2019 WL 6038539, at *3 (E.D. Pa. Nov. 13, 2019) (Baylson, J.).

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff must establish the Court's jurisdiction over the moving defendant through "affidavits or other competent evidence." Metcalfe v. Renaissance Marine, Inc., 566 F. 3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F. 3d 1287, 1302 (3d Cir. 1996)). When the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F. 3d 93, 97 (3d Cir. 2004) (citing Pinker v. Roche Holdings Ltd., 292 F. 3d 361, 368 (3d Cir. 2002) and Carteret Sav. Bank, FA v. Shushan, 954 F. 2d 141, 142 n.1 (3d Cir. 1992)).

Unlike a Rule 12(b)(6) motion, a 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside of the pleadings," and thus, often requires assessment of affidavits or other similar evidence submitted by the parties. Patterson by Patterson v. F.B.I., 893

3

F. 2d 595, 603 (3d Cir. 1990). When the defendant puts forward affidavits or other evidence in support of a 12(b)(2) motion, the plaintiff must meet its burden that personal jurisdiction lies through pleadings or other evidence. Id.

    b. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," id. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### III. Parties' Contentions

Moving Defendants assert that the SAC fails to establish personal jurisdiction over them because they are not residents of Pennsylvania and Plaintiff has not alleged any relevant contacts with Moving Defendants and this forum. Mot. at 9. Defendants argue that Plaintiff's reliance on her residence and remote work from Pennsylvania is misguided because the same argument has been rejected by courts in this District. Id. Defendants further argue that to the extent they had contacts with Pennsylvania through their involvement with HFactor, those contacts cannot be ascribed to them in their personal capacity because of the corporate shield doctrine. Id. at 11.

4

Plaintiff responds by pointing to certain cases where courts have found personal jurisdiction over individual corporate defendants based on defendants' contacts with an employee working remotely from the forum. See Opp'n, ECF 82-2 at 16. Plaintiff argues the Court should not recognize the corporate shield doctrine because it is not applied uniformly in the Third Circuit and that Moving Defendant's associations with HFactor establish personal jurisdiction over them because of HFactor's extensive business dealings in Pennsylvania. Id. at 15–16.

Moving Defendants go on to assert that Plaintiff has failed to state a claim under the WPCL because the Moving Defendants are not "employers" within the meaning of the statute and Plaintiff's allegations are otherwise too conclusory to state a claim. Mot. at 18. Defendants further argue that the remaining claims barred by the gist of the action doctrine because the tort claims arise from the alleged breach of Levy's employment contract. Id. at 19. Plaintiff responds that the term employer is construed broadly under the WPCL and includes the Moving Defendants. Opp'n at 26. Further, Plaintiff argues that gist of the action doctrine does not bar her tort claims because the Moving Defendants were not parties to the contract at issue. Id. at 30.

IV. <u>Discussion</u>

    a. <u>Personal Jurisdiction</u>

For an exercise of personal jurisdiction over a defendant to comport with the Fourteenth Amendment's Due Process Clause, that defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (citation omitted). "Personal jurisdiction over a defendant may be either general or specific." <u>Chavez v. Dole Food Co., Inc.</u>, 836 F. 3d 205, 223 (3d Cir. 2016) (en banc).

General jurisdiction exists where a defendant's contacts are "so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317). The record is almost completely devoid of contacts between Pennsylvania and Defendants Boyd, Linder, Cames, or Lee. Boyd and Linder reside in Florida, while Cames and Lee reside in New York. HFactor is a Georgia company and the Moving Defendants are either investors or employees of HFactor. There is no evidence in the record that Boyd, Linder, or Cames have ever visited Pennsylvania. There is only one instance where Defendant Lee had contact with Pennsylvania, when he traveled to a branch of Bank of America in King of Prussia with Plaintiff to remove her from an HFactor's bank account. None of the Moving Defendants appear to own property in Pennsylvania or engage in a "persistent course of conduct" in Pennsylvania. See e.g., Compac Computer Corp. v. Packard Bell Electronics, Inc., 948 F. Supp. 338, 344 (D. Del. 1996) (two events five years apart by corporate officer cannot support the general jurisdiction requirement to regularly conduct or solicit business in Delaware). Because the Moving Defendants do not have sufficient continuous or systematic contacts with Pennsylvania and are not otherwise "at home" in the forum, Plaintiff has failed to establish general jurisdiction over these defendants.

Thus, the Court must consider whether there is specific jurisdiction over the Moving Defendants. Specific jurisdiction requires three elements. First, the "defendant must have 'purposefully directed [its] activities'" toward Pennsylvania. O'Connor v. Sandy Lane Hotel Co., 496 F. 3d 312, 317 (3d Cir. 2007) (alteration in original) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Second, the claims "must 'arise out of or relate to'" the defendants' activities in Pennsylvania. O'Connor, 496 F. 3d at 217 (quoting Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984)). Finally, the exercise of personal

6

jurisdiction must not "offend traditional notions of fair play or substantial justice." O'Connor, 496 F. 3d at 316 (quoting Int'l Shoe Co., 326 U.S. at 316 (1945)). However, when the first two prongs of the test are met, a defendant must make a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." Burger King, 471 U.S. at 477. A finding of specific jurisdiction is "claim specific because a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim … does not necessarily mean that it has personal jurisdiction over that same defendant as to [Plaintiff's] other claims." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citation omitted).

In assessing whether a defendant directed his or her activities toward Pennsylvania, the Court "must assess whether [the defendant's] 'suit-related conduct' creates 'a substantial connection' with Pennsylvania to establish the necessary minimum contacts." Hardwick v. Consumer Guardian Specialists, LLC, No. 2:20-CV-00060, 2021 WL 1152739, at *4 (W.D. Pa. Mar. 26, 2021) (Hornack, J.) (quoting Walden v. Fiore, 571 U.S. 277, 284 (2014)). "The minimum contacts inquiry looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. (quotation omitted). "[T]he plaintiff cannot be the only link between the defendant and the forum [as] it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [the defendant]." Walden, 571 U.S. at 285–86 (citing Burger King, 471 U.S. at 478). The "defendant's relationship with a plaintiff ... is an insufficient basis for jurisdiction[.]" Id. at 286. (citing Rush v. Savchuck, 444 U.S. 320, 332 (1980)).

The facts relevant to Plaintiff's claims are as follows. Defendant Boyd is a resident of Florida who invested in HFactor. He holds no formal title with HFactor, nor is he a member of the Board of Directors. As a condition of his investment, he required Plaintiff to resign as CEO

7

and Chairman of the Board. Opp'n Exh. B at 21:5–9. There is no evidence this negotiation took place in Pennsylvania. Plaintiff agreed to sell Boyd a substantial portion of HFactor shares. Linder, who resides in Florida, was an advisor to Boyd in the investment process. After Plaintiff stepped down, Linder advised Boyd to bring Cames, a New York resident, on as the controlling shareholder and Chair of the Board of Directors of HFactor. Like Boyd, Linder was never an employee of HFactor, nor a member of the Board. HFactor hired Linder's business, Concord Consulting Corp., as an independent contractor for consulting purposes in August of 2023. Opp'n Exh. D. After Plaintiff stepped down from the Board and agreed to become President of HFactor in 2022, HFactor refused to pay Plaintiff's salary for over eighteen (18) months. Plaintiff asserts that Boyd and Linder conspired with Cames, and later Lee, to push her out of the business. In the summer of 2023, Cames hired Lee as Chief Operating Officer of HFactor. Opp'n Exh. B at 26:17–20. Lee and Plaintiff had an adversarial relationship, as Lee took control of day-to-day operations at HFactor. Opp'n Exh. A ("Levy Decl.) at 2. Plaintiff asserts that Boyd, Linder, and Lee directed HFactor to withhold her salary in an effort to force her resignation. Id. On April 12, 2024, Lee traveled to the King of Prussia Bank of America branch with Plaintiff to remove her from HFactor's bank account there. SAC ¶ 45.

      Again, there is no evidence in the record that Boyd, Linder, or Cames had any contact with Pennsylvania. Plaintiff argues that HFactor's contacts with the Commonwealth should be imputed on the Moving Defendants, citing Simon v. First Sav. Bank of Ind., 692 F. Supp. 3d 479 (E.D. Pa. 2023). However, Simon held that a corporate officer's contacts with a forum are the corporation's contacts with a forum for purposes of personal jurisdiction, not that a corporation's contacts with a forum become the contacts of all corporate officers in their personal capacities. 692 F. Supp. 3d at 484–85. This is because a corporation "is an artificial being" and "can only act through people."

Id. (cleaned up).  Contrary to Plaintiff's assertion, "jurisdiction over an employee [or an officer of an organization] does not automatically follow from jurisdiction over the corporation which employs [them.]"  Keeton v. Hustler Magazine Inc., 465 U.S. 770, 781 n.13 (1984) (citing Rush v. Savchuck, 205 U.S. 364, 391 (1980)); see also, Elbeco Inc. v. Estrella de Plato, Corp., 989 F. Supp. 669, 676 (E.D. Pa. 1997).  Thus, instances of the Moving Defendants *themselves* making contact with Pennsylvania on HFactor's behalf would be the only relevant HFactor-related conduct in a specific jurisdiction inquiry.

Though there is no evidence of specific instances of contact in the record, other than Lee's trip to King of Prussia, it is presumable that the Moving Defendants called or emailed Plaintiff at her residence in Pennsylvania with regard to HFactor business.  Even drawing that assumption in favor of Plaintiff, the Court is not persuaded specific jurisdiction exists.  The Third Circuit has recognized that "informal communications" such as "telephone calls and letters" written "in furtherance of a contract between a resident and a nonresident does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the nonresident defendant."  Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 152 (3d Cir. 1996) (quoting Sunbelt Corp. v. Noble, Denton & Assoc., Inc., 5 F.3d 28, 32 (3d Cir.1993)) (cleaned up).  None of the Moving Defendants reached into Pennsylvania to entered into a contract with Plaintiff, nor did their work or investment with HFactor, a Georgia corporation, involve a substantial connection to Pennsylvania. Because HFactor's contacts with Pennsylvania do not establish personal jurisdiction over the Moving Defendants and there is no other evidence that Boyd, Linder, or Cames had any meaningful contact with forum in their personal or professional capacities, the Court has no basis to find that Plaintiff's claims arose out of Boyd, Linder, or Cames's contacts

9

with the forum. Accordingly, the Court lacks the power to hear claims against Boyd, Linder, or Cames via specific personal jurisdiction and therefore **DISMISSES** all claims against them.

Unlike his co-defendants, Lee did engage in conduct on behalf of HFactor in Pennsylvania. "Generally, corporate agents are not subject to personal jurisdiction based solely on acts performed in the forum state in their corporate capacity." Rototherm Corp. v. Penn Linen & Unif. Serv., Inc., No. CIV. A. 96-6544, 1997 WL 419627, at *8 (E.D. Pa. July 3, 1997) (citations omitted). However, courts have carved out two exceptions; one for allegations of tortious conduct for which the defendant could be personally liable, Elbeco Inc. v. Estrella de Plato, Corp., 989 F.Supp. 669, 676 (E.D.Pa.1997), and one for when a corporate officer "has been charged with violating a statutory scheme that provides for personal, as well as corporate, liability," Lautman v. Loewen Group, Inc., Civ. A. No. 99-75, 2000 WL 772818, at *5 (E.D.Pa. June 15, 2000) (citing Huth v. Hillsboro Ins. Mgmt., 72 F. Supp. 2d 506, 511 (E.D.Pa.1999)).

Plaintiff brings three claims against Lee. Plaintiff alleges violation of the Pennsylvania Wage Payment and Collection Law ("PWCL") (Count I), aiding and abetting breach of fiduciary duty (Count V), and conspiracy (Count VI). SAC ¶¶ 99–125. In addition to Plaintiff's two claims of tortious conduct, Plaintiff's PWCL claim is exempt from the corporate shield because the PWCL provides for individual liability of officers and directors as well as for corporate liability. See 43 P.S. §§ 260.2a-260.3. Therefore, Lee's corporate contacts with the forum may be considered in determining the question of jurisdiction. Johnson v. Phelps, No. 05-CV-5555, 2007 WL 1030086, at *4 (E.D. Pa. Mar. 30, 2007) (Surrick, J.). When evaluating a defendant's corporate contacts, a court should consider the totality of the circumstances, including (1) "the defendant's role in the corporate structure," (2) "the quality of the defendant's forum contacts," and (3) "the nature and extent of the defendant's participation in the alleged violations." Pritchett v.

10

Alternative Bearings Corp., No. 1:19-CV-01493, 2020 WL 2847865 (M.D. Pa. June 2, 2020). The Third Circuit has further noted that the corporate shield doctrine has not been consistently applied as a bright-line rule. Cerciello v. Canale, 563 F. App'x 924, 927–28 (3d Cir. 2014).

As to the first factor, Defendant Lee served as Chief Operating Officer of HFactor, beginning in 2023. This is a significant and leading role in the corporate structure. Second, as to the nature and quality of Lee's contacts with Pennsylvania, the record reflects only one contact with Pennsylvania. In April of 2024, Lee traveled into the forum to accompany Plaintiff to a Bank of America branch where they removed her as an owner of an HFactor's bank account. A single contact with a forum can give rise to personal jurisdiction if it "creates a substantial connection with the forum." Miller Yacht, 384 F.3d at 96 (citing Burger King, 471 U.S. at 476 n.18). This trip to King of Prussia did not create a substantial connection between Lee and Pennsylvania because, to the extent Lee availed himself of the privilege of doing business in Pennsylvania that day, Plaintiff's claims do not arise out of or relate to the business Lee undertook to accomplish in Pennsylvania. Plaintiff does not assert that removing her from the bank account related to withholding wages from her. In fact, Plaintiff asserts that she "did not retain substantial control over HFactor's payroll systems" after she transitioned roles in 2022, despite having access to this Bank of America account after the transition. Levy Decl. at 1.

Personal jurisdiction cannot be established through "random, fortuitous, or attenuated contacts" with a forum. Walden, 571 U.S. at 290. Lee did not purposefully choose to target Pennsylvania or initiate business relations in the state. Instead, having accepted a role at a Georgia company where another member of the c-suite worked remotely from Pennsylvania, he traveled to the Commonwealth on one occasion to execute an administrative task related to a pre-existing bank account owned by HFactor. Plaintiff does not allege that Lee committed any tortious acts

11

while in Pennsylvania.  There is no record of "frequent contacts and communications with Plaintiff in Pennsylvania," to suggest that Lee "manifestly availed [himself] of the privilege of conducting business there." Johnson, 2007 WL 1030086 at *5 (quotation omitted).  Thus, the Court finds that Lee's contact with the forum was not substantial.  As to the third prong, even if Lee is liable under the PWCL, potential liability is not sufficient to subject him to personal jurisdiction in Pennsylvania.  United Prods. Corp. v. Admiral Tool & Mfg. Co., 122 F. Supp. 2d 560, 562 (E.D. Pa. 2000).  For these reasons, the Court determines that Lee's contact with Pennsylvania in his official capacity as a high-level officer of HFactor was not substantial enough, and therefore too attenuated from Plaintiff's claims such that Lee could not "reasonably anticipate being haled into court" in Pennsylvania based on his visit with Plaintiff.  Burger King, 471 U.S. at 474 (quotation omitted).  Accordingly, the Court lacks the power to hear claims against Lee pursuant to specific personal jurisdiction and the claims against him are therefore **DISMISSED**.